UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

MASSA FALIDA DO BANCO
CRUZEIRO DO SUL S.A.,

           Debtor in a Foreign Proceeding

_____/

LASPRO CONSULTORES LTDA.,
a Brazilian Sociedade Limitada,

           Plaintiff

v.

ALINIA CORPORATION, a British
Virgin Islands Company Limited by Shares,
110 CPS, INC., a British Virgin Islands
Company Limited by Shares,

           Defendants.

_____/

Case No.:14-22974 – LMI
Chapter 15

## COMPLAINT

      Laspro Consultores Ltda., represented by Oreste Nestor de Souza Laspro ("Laspro"), in its capacity as the authorized Foreign Trustee (the "Foreign Trustee" or "Trustee") of the above-captioned debtor Massa Falida do Banco Cruzeiro do Sul S.A. ("BCSUL"), sues Alinia Corporation ("Alinia"), and 110 CPS, Inc. ("CPS") and states as follows:

## GENERAL ALLEGATIONS

      1.      This is an adversary proceeding brought by the Trustee, for fraudulent conveyance pursuant to New York Debtor-Creditor Law §§ 273, 274, 275 and 276, for

imposition of a constructive trust, for violation of Brazilian Law No. 9.078, and for violation of Articles 186 and 884 of the Brazilian Civil Code.

2.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334(b) and Local Rule 87.2 of the United States District Court for the Southern District of Florida.

3.    This matter is a non-core proceeding related to the bankruptcy, which the Court is authorized to hear pursuant to 28 U.S.C. §157(c)(1), and the Trustee consents to entry of final orders or judgment by the bankruptcy judge pursuant to 28 U.S.C. §157(c)(2).

4.    Venue is proper in this district pursuant to 28 U.S.C. § 1409.

5.    Alinia Corporation, ("Alinia") is a British Virgin Islands company limited by shares, BVI Company Number 1607627, which holds or held certain real and/or personal property of the Debtor located in the United States of America which is the subject of this lawsuit.

6.    110 CPS, Inc. ("CPS") is a British Virgin Islands company limited by shares, BVI Company Number 1588006, which holds or held certain real and/or personal property of the Debtor located in the United States of America which is the subject of this lawsuit.

## THE PARTIES, JURISDICTION AND VENUE

7.    BCSUL was a Brazilian bank established in August 1989. In 1993, the bank's shares were acquired by the Indio da Costa family, who continued to manage the bank until June 4, 2012. On the latter date in 2012, the management of the assets of the bank and of its affiliates was transferred to the management of special administrators appointed by the Central Bank of Brazil.

8.    The two primary members of the Indio da Costa family involved in the ownership and management of BCSUL were Luis Felippe Indio da Costa ("Felippe") and his son, Luis Octavio Indio da Costa ("Octavio").

2

9.     At least as early as 2008, both Felippe and Octavio participated in a scheme of falsified loans pursuant to which funds were diverted from BCSUL under the auspices of fake loans and diverted by Felippe and Octavio for their benefit and to the detriment and damage of BCSUL.

10.     Specifically, while BCSUL provided a variety of services, which included commercial portfolio investments and credit services, in 2004, a new law was passed by Brazil's Congress which permitted the assignment of up to 30% of an individual's salary to a bank to secure repayment of a loan ("Salary Loans").  This change in the law created a new book of business for some banks and BCSUL became very prominent and active in this area.

11.     However, such loans were not subject to stringent documentation and Felippe and Octavio began to create fake Salary Loans, or allowed such fake Salary Loans to be created, in the books and records of BCSUL to conceal the fact that Felippe and Octavio diverted millions of Brazilian Reais from BCSUL.

12.     Pursuant to this scheme, Felippe and Octavio failed to adhere to certain requirements regarding the Salary Loans and caused BCSUL to "write" a total of around 682,647 Salary Loans of which greater than 99% of which were actually fake Salary Loans.

13.     These fake Salary loans totaled over 1.4 billion Reais.

14.     Felippe and Octavio would transfer some of the fake Salary Loans to funds owned by BCSUL, which were managed by an entity owned directly or indirectly by Felippe and/or Octavio.

15.     That entity is Verax Serviços Financeiros Ltda. ("Verax").

16.     That entity would then charge fees directly or indirectly to BCSUL for managing the funds, based on the value of each fund.

ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.

17.     Felippe and Octavio would benefit from these fees charged to BCSUL

18.     Additionally, Felippe and Octavio also engaged in other schemes to divert funds from BCSUL, including artificially inflating the values of certain assets on BCSUL's books and records far in excess of the actual value of those assets and then disbursing dividends to themselves based upon these valuations.

### A. Felippe, Correas Trust and Alinia Corporation.

19.     On July 9, 2008, Felippe purchased an apartment located at 60 East 55th St., Penthouse 2, in New York City, NY ("Penthouse 2") using funds diverted from BCSUL, for $5,750,000.00 USD ("Penthouse 2 Funds").

20.     Subsequently, Felippe created a trust called Correas Trust. Correas Trust is a British Virgin Islands trust of which Felippe is the settlor and sole beneficiary. The original trustee was Icaza, Gonzalez-Ruiz & Aleman (BVI) Trust Ltd.

21.     Felippe transferred Penthouse 2 to Alinia on May 4, 2011 as a shareholder contribution and without receiving payment of money from Alinia.

22.     However, Alinia was never authorized to do business in New York, as provided by New York Business Corporation Law §1301.

23.     On or around the same time, Felippe transferred all shares of Alinia to Correas Trust such that Correas Trust became the sole shareholder of Alinia.

24.     Felippe remained as the sole director of Alinia.

25.     Felippe retained all benefits of the beneficial use of Penthouse 2 after the transfer of Penthouse 2 to Alinia and after the shares of Alinia were transferred to Correas Trust.

26.     Felippe is the immediate, mediate, initial or subsequent transferee of the Penthouse 2 Funds and/or Penthouse 2.

4

27.     Alinia is the immediate, mediate, initial or subsequent transferee of the Penthouse 2 Funds and/or Penthouse 2.

**B. Octavio, Felippe and 110 CPS, Inc.**

28.     Octavio is or was a majority shareholder of Star Investimentos e Participações.

29.     Felippe is or was a minority shareholder of Star Investimentos e Participações.

30.     Star Investimentos e Participações Ltda, a Brazilian entity, is the owner of the shares of CPS.

31.     In June 9, 2010, CPS, by and through Octavio and/or Felippe, using funds diverted from BCSUL, purchased 170 shares of 110 Central Park South Corporation ("Apt. 6B Shares"), an apartment corporation that owns the building and land located at 110 Central Park South, New York, NY 10019 and a long-term proprietary lease ("Apt. 6B Lease") for the premises located at 110 Central Park South, Unit 6B, New York, NY 10019 ("Apt. 6B") for $5,217,500.00 ("Apt. 6B Funds").

32.     Octavio is an officer and/or director of CPS.

33.     Octavio and/or Felippe retained all benefits and beneficial use of the Apt. 6B Shares, the Apt. 6B Lease and/or Apt. 6B after the transfer of the Apt. 6B Funds, Apt. 6B Shares and/or the Apt. 6B Lease to CPS.

34.     Felippe is the immediate, mediate, initial or subsequent transferee of the Apt. 6B Funds, the Apt. 6B Shares, and/or the Apt. 6B Lease.

35.     Octavio is the immediate, mediate, initial or subsequent transferee of the Apt. 6B Funds, the Apt. 6B Shares, and/or the Apt. 6B Lease.

36.     CPS is the immediate, mediate, initial or subsequent transferee of the Apt. 6B Funds, the Apt. 6B Shares, and/or the Apt. 6B Lease.

5

### C. Artwork Found in Penthouse 2 and Apt. 6B

37.     As August 2014, the following artwork was found in Penthouse 2 and/or Apt. 6B:

- "Souris Noire a La Manfilie" de Joan Miró
- "Cena para Dos" de Omar Rayo
- "Homme Debout", desenho de Alberto Giacometti
- "Composition", uma tela colorida de Yaacov Agam

("Artwork")

38.     The Artwork was purchased using funds diverted from BCSUL ("Artwork Funds").

39.     Upon information and belief, Alinia is the alter ego of Felippe and/or Octavio.

40.     Upon information and belief, CPS is the alter ego Felippe and/or Octavio.

### D. The BCSUL Liquidation Proceeding and the Liquidator

41.     When BCSUL was initially placed under Special Temporary Administration, the Fundo Garantidor de Créditos ("FGC") announced its intention to find a buyer for BCSUL. On September 14, 2012, however, the Central Bank of Brazil placed BCSUL into extra-judicial liquidation—the BCSUL Liquidation Proceeding—after the FGC was unable to find a buyer.

42.     The FGC is owed approximately R$1.95 billion and is the largest creditor of BCSUL[1]. Initially, the Central Bank of Brazil appointed Mr. Sergio Rodrigues Prates as the Liquidator for BCSUL.

43.     On May 24, 2013, Eduardo Felix Bianchini was appointed by the Central Bank of Brazil to replace Mr. Prates as the Liquidator for BCSUL and its affiliated entities.

44.     On August 12, 2015, the 2nd Bankruptcy and Judicial Reorganization Court of São Paulo Brazil ("Brazilian Bankruptcy Court") decreed the bankruptcy of BCSUL and ordered full judicial bankruptcy proceedings of BCSUL based upon, among other things, facts that: (1)

---

[1]     It is believed that Felippe, Octavio, Alinia and CPS guarantee certain transactions of BCSUL with the FGC.

BCSUL was insolvent; (2) BCSUL did not have sufficient assets to pay at least half of its unsecured debt; (3) that there was evidence of bankruptcy crimes; (4) and, that the complexity of the transactions justified direct monitoring by the Judicial branch in a regular bankruptcy proceeding ("Conversion and Appointment Order").

45.    Pursuant to the Conversion and Appointment Order, Adjud. Administradores Judiciais Ltda. was appointed as the judicial trustee, represented by Vânio Cesar Pickler Aguiar.

46.    However, other parties in the Brazilian Bankruptcy Proceeding appealed his appointment and Aguiar was eventually removed.

47.    On January 21, 2016, the Brazilian Bankruptcy Court entered an order substituting Adjud Administradores Judiciais Ltda., represented by Vânio Cesar Pickler Aguiar and appointing Laspro as Co-Trustee along with Valdor Faccio – ME, represented by Valdor Faccio ("Faccio") as Co-Trustee.

48.    On March 2, 2016 Faccio was temporarily suspended as Co-Trustee pursuant to order by the Court of Appeal of São Paulo, leaving Laspro as the sole Judicial Trustee.

49.    The Foreign Trustee is entitled to represent the creditors of the Brazilian Bankruptcy estate of BCSUL pursuant to Law 11.101.2005.

50.    All conditions precedent necessary to bringing the claims herein have been satisfied or waived.

### COUNT I CONSTRUCTIVE TRUST AND/EQUITABLE LIEN – PENTHOUSE 2

51.    This is a claim for Constructive Trust or in the alternative, for an Equitable Lien.

52.    The Foreign Trustee incorporates paragraphs 1- 5, 7- 27, and 41- 50, as if fully restated herein.

53.    Felippe was, at all relevant times, an officer and/or director of BCSUL.

7

54.    Felippe shared a confidential relationship with BCSUL because, as an officer and/or director of BCSUL, Felippe owed fiduciary duties to BCSUL.

55.    The Penthouse 2 Funds belonged to BCSUL.

56.    Felippe breached his relationship with BCSUL by obtaining access to the Penthouse 2 Funds and then transferring them to himself to purchase Penthouse 2.

57.    Felippe was unjustly enriched by using funds diverted from BCSUL to purchase Penthouse 2.

58.    Since the Penthouse 2 Funds did not rightfully belong to Felippe and Felippe used the Penthouse 2 Funds to purchase Penthouse 2, Felippe held Penthouse 2 for the benefit of BCSUL and there was an implied promise that Felippe would return Penthouse 2 to BCSUL.

59.    Instead, Felippe failed to return Penthouse 2 to BCSUL and transferred Penthouse 2 to Alinia as a shareholder contribution.

60.    Alinia is owned by Correas Trust and Felippe is the sole beneficiary of Correas Trust.

61.    Alinia has been unjustly enriched by obtaining and continuing to own Penthouse 2.

62.    Since Felippe held Penthouse 2 for the benefit of BCSUL and there was an implied promise that Felippe would return Penthouse 2 to BCSUL, Alinia holds Penthouse 2 for the benefit of BCSUL and there was an implied promise that Alinia would return Penthouse 2 to BCSUL.

63.    BCSUL has been harmed as a direct result of these actions.

64.    BCSUL has no adequate remedy at law.

ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.

65.     A constructive trust on Penthouse 2 is necessary so that Alinia will not dispose of Penthouse 2, which is due and owing to BCSUL.

66.     Alternatively, in view of the diversion of the Penthouse 2 Funds from BCSUL, general considerations of right and justice demand that an equitable lien be placed on Penthouse 2.

WHEREFORE the Foreign Trustee requests that this Court impose a constructive trust on Penthouse 2 in favor of the Foreign Trustee on behalf of BCSUL, or in the alternative, an equitable lien on Penthouse 2 in favor of the Foreign Trustee on behalf of BCSUL.  The Foreign Trustee requests any other relief this Court deems appropriate.

## COUNT II FRAUDULENT CONVEYANCE AGAINST ALINIA PURSUANT TO NY DCL §273 – PENTHOUSE 2

67.     This is a claim for Fraudulent Conveyance.

68.     The Foreign Trustee incorporates paragraphs 1- 5, 7- 27, and 41-50, as if fully restated herein.

69.     BCSUL, by and through Felippe, transferred and/or constructively transferred the Penthouse 2 Funds and/or Penthouse 2 to Felippe.

70.     BCSUL failed to receive fair consideration for the transfer and/or constructive transfer of the Penthouse 2 Funds and/or Penthouse 2 from BCSUL to Felippe.

71.     BCSUL was insolvent at the time BCSUL transferred and/or constructively transferred the Penthouse 2 Funds and/or Penthouse 2 to Felippe and/or the transfer of the Penthouse 2 Funds and/or Penthouse 2 by BCSUL to Felippe rendered BCSUL insolvent.

72.     Felippe subsequently transferred and/or constructively transferred Penthouse 2 to Alinia.

WHEREFORE, the Foreign Trustee prays that this Court: (a) set aside the transfer(s) of Penthouse 2 Funds and/or Penthouse 2; (b) disregard the transfer(s) of the Penthouse 2 Funds and/or Penthouse 2; (c) attach or levy execution upon Penthouse 2; (d) restrain Alinia and/or CPS from disposing of Penthouse 2; and/or, (e) appoint a receiver to take charge of Penthouse 2. The Foreign Trustee requests any other relief this Court deems appropriate.

## COUNT III FRAUDULENT CONVEYANCE AGAINST ALINIA PURSUANT TO NY DCL §274 – PENTHOUSE 2

73.    This is a claim for Fraudulent Conveyance.

74.    The Foreign Trustee incorporates paragraphs 1-5, 7-27, and 41-50, as if fully restated herein.

75.    BCSUL, by and through Felippe, transferred and/or constructively transferred the Penthouse 2 Funds and/or Penthouse 2 to Felippe.

76.    BCSUL failed to receive fair consideration for the transfer and/or constructive transfer of the Penthouse 2 Funds and/or Penthouse 2 from BCSUL to Felippe.

77.    At the time BCSUL transferred and/or constructively transferred the Penthouse 2 Funds and/or Penthouse 2 to Felippe, BCSUL was engaged in or was about to engage in business or a transaction for which the property remaining in BCSUL's hands after such transfer was an unreasonably small amount of capital.

78.    Felippe subsequently transferred and/or constructively transferred Penthouse 2 to Alinia.

WHEREFORE, the Foreign Trustee prays that this Court: (a) set aside the transfer(s) of Penthouse 2 Funds and/or Penthouse 2; (b) disregard the transfer(s) of the Penthouse 2 Funds and/or Penthouse 2; (c) attach or levy execution upon Penthouse 2; (d) restrain Alinia and/or

ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.

CPS from disposing of Penthouse 2; and/or, (e) appoint a receiver to take charge of Penthouse 2. The Foreign Trustee requests any other relief this Court deems appropriate.

## COUNT IV FRAUDULENT CONVEYANCE AGAINST
### ALINIA PURSUANT TO NY DCL §275 – PENTHOUSE 2

79.    This is a claim for Fraudulent Conveyance.

80.    The Foreign Trustee incorporates paragraphs 1–5, 7–27, and 41–50, as if fully restated herein.

81.    BCSUL, by and through Felippe, transferred and/or constructively transferred the Penthouse 2 Funds and/or Penthouse 2 to Felippe.

82.    BCSUL failed to receive fair consideration for the transfer and/or constructive transfer of the Penthouse 2 Funds and/or Penthouse 2 from BCSUL to Felippe.

83.    BCSUL transferred and/or constructively transferred the Penthouse 2 Funds and/or Penthouse 2 to Felippe at a time when BCSUL intended or believed that BCSUL would incur debts beyond its ability to pay as such debts matured.

84.    Felippe subsequently transferred and/or constructively transferred Penthouse 2 to Alinia.

WHEREFORE, the Foreign Trustee prays that this Court: (a) set aside the transfer(s) of Penthouse 2 Funds and/or Penthouse 2; (b) disregard the transfer(s) of the Penthouse 2 Funds and/or Penthouse 2; (c) attach or levy execution upon Penthouse 2; (d) restrain Alinia and/or CPS from disposing of Penthouse 2; and/or, (e) appoint a receiver to take charge of Penthouse 2. The Foreign Trustee requests any other relief this Court deems appropriate.

## COUNT V FRAUDULENT CONVEYANCE AGAINST
### ALINIA PURSUANT TO NY DCL §276 – PENTHOUSE 2

85.    This is a claim for Fraudulent Conveyance.

11

86.     The Foreign Trustee incorporates paragraphs 1–5, 7–27, and 41–50, as if fully restated herein.

87.     BCSUL, by and through Felippe transferred and/or constructively transferred the Penthouse 2 Funds and/or Penthouse 2 to Felippe.

88.     BCSUL failed to receive fair consideration for the transfer and/or constructive transfer of the Penthouse 2 Funds and/or Penthouse 2 from BCSUL to Felippe.

89.     BCSUL transferred and/or constructively transferred the Penthouse 2 Funds and/or Penthouse 2 to Felippe with actual intent to hinder, delay, or defraud BCSUL's creditors.

90.     Felippe subsequently transferred and/or constructively transferred Penthouse 2 to Alinia.

WHEREFORE, the Foreign Trustee prays that this Court: (a) set aside the transfer(s) of Penthouse 2 Funds and/or Penthouse 2; (b) disregard the transfer(s) of the Penthouse 2 Funds and/or Penthouse 2; (c) attach or levy execution upon Penthouse 2; (d) restrain Alinia and/or CPS from disposing of Penthouse 2; and/or, (e) appoint a receiver to take charge of Penthouse 2. The Foreign Trustee also requests an award of all costs and reasonable attorneys' fees associated with the prosecution of this claim. The Foreign Trustee requests any other relief this Court deems appropriate.

## COUNT VI VIOLATION OF CODE BRAZILIAN LAW N. 8.078/1990 OF THE BRAZILIAN CONSUMER PROTECTION AGAINST ALINIA – PENTHOUSE 2

91.     This is a claim for violation of Brazilian Law N. 8.078/1990.

92.     The Foreign Trustee incorporates paragraphs 1–5, 7–27, and 41–50, as if fully restated herein.

93.     Article 14 of the Consumer Code provides that a service provider is liable, regardless of intention, reckless or negligent act or omission for harm caused to a consumer by

12

defects relating to the rendition of services as well as for providing insufficient or inadequate information about its use and risks.

94.    Article 28 of the Consumer Code provides that the corporate veil can be lifted - among other situations - whenever there is an abuse of the corporate form, bankruptcy insolvency, discontinuance or suspension of operations of the legal entity caused by bad management.

95.    Under Article 6, VI, of the Brazilian Consumer Code, it is a basic consumer right to be compensated for the full amount of the damages suffered.

96.    The Brazilian Legal System provides that the damages that may be recovered consist of attorneys' fees, legal costs, interest and monetary restatement.

97.    Some of BCSUL´s depositors and creditors are consumers pursuant to Brazil´s Consumer Protection Code (Law n. 8.078 of November 11, 1990, the "Consumer Code").

98.    BCSUL provided financial services to some of its depositors and creditors pursuant to Brazilian Consumer Code.

99.    BCSUL, by and through Felippe and/or Octavio, diverted the Penthouse 2 Funds from BCSUL to Felippe to purchase Penthouse 2.

100.    The Penthouse 2 Funds were used by Felippe to purchase Penthouse 2.

101.    Felippe subsequently transferred Penthouse 2 to Alinia.

102.    Alinia continues to own Penthouse 2.

103.    The diversion of BCSUL's funds to purchase Penthouse 2 caused harm to the creditors of BCSUL.  These creditors continue to be harmed by Alinia's continued ownership of Penthouse 2.

WHEREFORE, the Foreign Trustee prays that this Court: (a) set aside the transfer(s) of Penthouse 2 Funds and/or Penthouse 2; (b) disregard the transfer(s) of the Penthouse 2 Funds and/or Penthouse 2; (c) attach or levy execution upon Penthouse 2; (d) restrain Alinia and/or CPS from disposing of Penthouse 2; and/or, (e) appoint a receiver to take charge of Penthouse 2. The Foreign Trustee also prays that this Court award in damages in favor of BCSUL for all costs, fees and interest incurred by BCSUL and its creditors arising out of the improper use of BCSUL's funds to purchase Penthouse 2, including, but not limited to the Foreign Trustee's legal fees and costs incurred in this action.  The Foreign Trustee requests any other relief this Court deems appropriate.

## COUNT VII VIOLATION OF ARTICLE 186 OF
## BRAZILIAN CIVIL CODE AGAINST ALINIA – PENTHOUSE 2

104.    This is a claim for violation of Brazil's Civil Code.

105.    The Foreign Trustee incorporates paragraphs 1–5, 7–27, and 41–50, as if fully restated herein.

106.    Under Article 186 of the Brazilian Civil Code, it is an illegal act to violate the rights of another and to cause harm to another by an intentional, reckless on negligent act or omission.

107.    Article 927 of the Brazilian Civil Code provides that one who caused harm to other through an intentional, reckless on negligent act or omission, is required to compensate the injured party.

108.    The Brazilian Legal System provides that the damages that may be recovered consist of attorneys' fees, legal costs, interest and monetary restatement.

109.    Alinia violated the rights of and caused harm to BCSUL and its creditors by intentionally, recklessly or negligently, causing BCSUL to transfer the Penthouse 2 Funds from

14

BCSUL to Felippe to purchase Penthouse 2, causing Penthouse 2 to be transferred from Felippe to Alinia, and continuing to own Penthouse 2.

WHEREFORE, the Foreign Trustee prays that this Court: (a) set aside the transfer(s) of Penthouse 2 Funds and/or Penthouse 2; (b) disregard the transfer(s) of the Penthouse 2 Funds and/or Penthouse 2; (c) attach or levy execution upon Penthouse 2; (d) restrain Alinia and/or CPS from disposing of Penthouse 2; and/or, (e) appoint a receiver to take charge of Penthouse 2. The Foreign Trustee also prays that this Court award in damages in favor of BCSUL for all costs, fees and interest incurred by BCSUL and its creditors arising out of the improper use of BCSUL's funds to purchase Penthouse 2, including, but not limited to the Foreign Trustee's legal fees and costs incurred in this action.  The Foreign Trustee requests any other relief this Court deems appropriate.

## COUNT VIII - VIOLATION OF ARTICLE 884 OF THE BRAZILIAN CIVIL CODE AGAINST ALINIA – PENTHOUSE 2

110.    This is a claim for violation of Article 884 and its Sole Paragraph of the Brazilian Civil Code.

111.    The Foreign Trustee incorporates paragraphs 1–5, 7–27, and 41–50, as if fully restated herein.

112.    Under Article 884 and its Sole Paragraph of the Brazilian Civil Code, those who, without cause, were unjustly enriched to the detriment of another must compensate the aggrieved party for all damages sustained by the aggrieved party in addition to all costs, fees and interest.

113.    Alinia was unjustly enriched to the detriment of BCSUL and the creditors of BCSUL by virtue of BCSUL's transfer of the Penthouse 2 Funds, by and through Felippe and/or Octavio, from BCSUL to Felippe for purchase of Penthouse 2 in the name of Felippe and Felippe's subsequent transfer of Penthouse 2 to Alinia

ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.

114.    Alinia is required to convey Penthouse 2 to BCSUL and compensate BCSUL for all costs, fees and interest incurred by BCSUL and its creditors arising out of the improper use of BCSUL's funds to purchase Penthouse 2.

WHEREFORE, the Foreign Trustee prays that this Court: (a) set aside the transfer(s) of Penthouse 2 Funds and/or Penthouse 2; (b) disregard the transfer(s) of the Penthouse 2 Funds and/or Penthouse 2; (c) attach or levy execution upon Penthouse 2; (d) restrain Alinia and/or CPS from disposing of Penthouse 2; and/or, (e) appoint a receiver to take charge of Penthouse 2. The Foreign Trustee also prays that this Court award in damages in favor of BCSUL for all costs, fees and interest incurred by BCSUL and its creditors arising out of the improper use of BCSUL's funds to purchase Penthouse 2, including, but not limited to the Foreign Trustee's legal fees and costs incurred in this action.  The Foreign Trustee requests any other relief this Court deems appropriate.

## COUNT IX CONSTRUCTIVE TRUST AND/OR
## EQUITABLE LIEN  – APT. 6B SHARES AND APT. 6B LEASE

115.    This is a claim for Constructive Trust, or in the alternative, for an Equitable Lien.

116.    The Foreign Trustee incorporates paragraphs 1–4, 6–18, 28–36, and 41–50 as if fully restated herein.

117.    Felippe was, at all relevant times, an officer and/or director of BCSUL.

118.    Octavio was, at all relevant times, an officer and/or director of BCSUL.

119.    Felippe shared a confidential relationship with BCSUL because, as an officer and/or director of BCSUL, Felippe owed fiduciary duties to BCSUL.

120.    Octavio shared a confidential relationship with BCSUL because, as an officer and/or director of BCSUL, Octavio owed fiduciary duties to BCSUL.

121.    The Apt. 6B Funds belonged to BCSUL.

ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.

122.    CPS, by and through Felippe and/or Octavio, obtained access to the Apt. 6B Funds and transferred them to CPS to purchase the Apt. 6B Shares and obtain the Apt. 6B Lease.

123.    Felippe and/or Octavio breached his/their relationship with BCSUL by obtaining access to the Apt. 6B Funds and then transferring them to CPS to purchase the Apt. 6B Shares and obtain the Apt. 6B Lease.

124.    CPS was unjustly enriched by purchasing the Apt. 6B Shares and the Apt. 6B Lease and continues to be unjustly enriched since it retains beneficial use of Apt. 6B.

125.    Since the Apt. 6B Funds did not rightfully belong to CPS, Felippe or Octavio and CPS used the Apt. 6B Funds to purchase the Apt. 6B Shares and the Apt. 6B Lease, CPS held the Apt. 6B Shares and the Apt. 6B Lease for the benefit of BCSUL and there was an implied promise that CPS would return the Apt. 6B Shares and the Apt. 6B Lease to BCSUL.

126.    CPS failed to return the Apt. 6B Shares and the Apt. 6B Lease to BCSUL.

127.    BCSUL has been harmed as a direct result of these actions.

128.    BCSUL has no adequate remedy at law.

129.    A constructive trust on the Apt. 6B Shares and the Apt. 6B Lease is necessary so that CPS will not dispose of Apt. 6B Shares and the Apt. 6B Lease which are due and owing to BCSUL.

130.    Alternatively, in view of the diversion of the Apt. 6B Funds from BCSUL, general considerations of right and justice demand that an equitable lien be placed on the Apt. 6B Shares and the Apt. 6B Lease.

WHEREFORE the Foreign Trustee requests that this Court impose a constructive trust on the Apt. 6B Shares and the Apt. 6B Lease in favor of the Foreign Trustee on behalf of BCSUL or in the alternative, an equitable lien on the Apt. 6B Shares and the Apt. 6B Lease in favor of the

Foreign Trustee on behalf of BCSUL.  The Foreign Trustee requests any other relief this Court

deems appropriate.

### COUNT X FRAUDULENT CONVEYANCE AGAINST CPS  PURSUANT TO NY DCL §273 – APT. 6B FUNDS, APT. 6B SHARES AND APT. 6B LEASE

131.    This is a claim for Fraudulent Conveyance.

132.    The Foreign Trustee incorporates paragraphs 1–4, 6–18, 28–36, and 41–50, as if

fully restated herein.

133.    BCSUL, by and through Felippe and/or Octavio, transferred and/or constructively

transferred the Apt. 6B Funds, the Apt. 6B Shares, and/or the Apt. 6B Lease to CPS.

134.    BCSUL failed to receive fair consideration for the transfer and/or constructive

transfer of the Apt. 6B Funds, the Apt. 6B Shares, and/or the Apt. 6B Lease.

135.    BCSUL was insolvent at the time BCSUL transferred and/or constructively

transferred the Apt. 6B Funds, the Apt. 6B Shares, and/or the Apt. 6B Lease to Felippe and/or

Octavio and/or the transfer of the Apt. 6B Funds, the Apt. 6B Shares, and/or the Apt. 6B Lease

by BCSUL to Felippe and/or Octavio rendered BCSUL insolvent.

136.    Felippe and/or Octavio transferred the Apt. 6B Funds, the Apt. 6B Shares, and/or

the Apt. 6B Lease to CPS.

WHEREFORE, the Foreign Trustee prays that this Court: (a) set aside the transfer(s) of

the Apt. 6B Funds, the Apt. 6B Shares, and/or the Apt. 6B Lease; (b) disregard the transfer(s) of

the Apt. 6B Funds, the Apt. 6B Shares, and/or the Apt. 6B Lease; (c) attach or levy execution

upon the Apt. 6B Shares, and/or the Apt. 6B Lease; (d) restrain CPS from disposing of the Apt.

6B Shares, and/or the Apt. 6B Lease; and/or, (e) appoint a receiver to take charge of the Apt. 6B

Shares, and/or the Apt. 6B Lease.  The Foreign Trustee requests any other relief this Court

deems appropriate.

## COUNT XI FRAUDULENT CONVEYANCE AGAINST CPS PURSUANT TO NY DCL §274 – APT. 6B FUNDS, APT. 6B SHARES AND APT. 6B LEASE

137.    This is a claim for Fraudulent Conveyance.

138.    The Foreign Trustee incorporates paragraphs 1–4, 6–18, 28–36, and 41–50, as if fully restated herein.

139.    BCSUL, by and through Felippe and/or Octavio, transferred and/or constructively transferred the Apt. 6B Funds, the Apt. 6B Shares, and/or the Apt. 6B Lease to Felippe and/or Octavio.

140.    BCSUL failed to receive fair consideration for the transfer and/or constructive transfer of the Apt. 6B Funds, the Apt. 6B Shares, and/or the Apt. 6B Lease from BCSUL to Felippe and/or Octavio.

141.    At the time BCSUL transferred and/or constructively transferred the Apt. 6B Funds, the Apt. 6B Shares, and/or the Apt. 6B Lease to Felippe and/or Octavio, BCSUL was engaged in or was about to engage in business or a transaction for which the property remaining in BCSUL's hands after such transfer was an unreasonably small amount of capital.

142.    Felippe and/or Octavio transferred the Apt. 6B Funds, the Apt. 6B Shares, and/or the Apt. 6B Lease to CPS.

WHEREFORE, the Foreign Trustee prays that this Court: (a) set aside the transfer(s) of the Apt. 6B Funds, the Apt. 6B Shares, and/or the Apt. 6B Lease; (b) disregard the transfer(s) of the Apt. 6B Funds, the Apt. 6B Shares, and/or the Apt. 6B Lease; (c) attach or levy execution upon the Apt. 6B Shares, and/or the Apt. 6B Lease; (d) restrain CPS from disposing of the Apt. 6B Shares, and/or the Apt. 6B Lease; and/or, (e) appoint a receiver to take charge of the Apt. 6B Shares, and/or the Apt. 6B Lease.  The Foreign Trustee requests any other relief this Court deems appropriate.

ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.

### COUNT XII FRAUDULENT CONVEYANCE AGAINST CPS PURSUANT TO NY DCL §275 – APT. 6B FUNDS, APT. 6B SHARES AND APT. 6B LEASE

143.    This is a claim for Fraudulent Conveyance.

144.    The Foreign Trustee incorporates paragraphs 1–4, 6–18, 28–36, and 41–50, as if fully restated herein.

145.    BCSUL, by and through Felippe and/or Octavio, transferred and/or constructively transferred the Apt. 6B Funds, the Apt. 6B Shares, and/or the Apt. 6B Lease to Felippe and/or Octavio.

146.    BCSUL failed to receive fair consideration for the transfer and/or constructive transfer of the Apt. 6B Funds, the Apt. 6B Shares, and/or the Apt. 6B Lease from BCSUL to Felippe and/or Octavio.

147.    BCSUL transferred and/or constructively transferred the Apt. 6B Funds, the Apt. 6B Shares, and/or the Apt. 6B Lease to Felippe and/or Octavio at a time when BCSUL intended or believed that BCSUL would incur debts beyond its ability to pay as such debts matured.

148.    Felippe and/or Octavio transferred the Apt. 6B Funds, the Apt. 6B Shares, and/or the Apt. 6B Lease to CPS.

WHEREFORE, the Foreign Trustee prays that this Court: (a) set aside the transfer(s) of the Apt. 6B Funds, the Apt. 6B Shares, and/or the Apt. 6B Lease; (b) disregard the transfer(s) of the Apt. 6B Funds, the Apt. 6B Shares, and/or the Apt. 6B Lease; (c) attach or levy execution upon the Apt. 6B Shares, and/or the Apt. 6B Lease; (d) restrain CPS from disposing of the Apt. 6B Shares, and/or the Apt. 6B Lease; and/or, (e) appoint a receiver to take charge of the Apt. 6B Shares, and/or the Apt. 6B Lease.   The Foreign Trustee requests any other relief this Court deems appropriate.

20

## COUNT XIII FRAUDULENT CONVEYANCE AGAINST CPS PURSUANT
## TO NY DCL §276 – APT. 6B FUNDS, APT. 6B SHARES AND APT. 6B LEASE

149.     This is a claim for Fraudulent Conveyance.

150.     The Foreign Trustee incorporates paragraphs 1–4, 6–18, 28–36, and 41–50, as if fully restated herein.

151.     BCSUL, by and through Felippe and/or Octavio, transferred and/or constructively transferred the Apt. 6B Funds, the Apt. 6B Shares, and/or the Apt. 6B Lease to Felippe and/or Octavio.

152.     BCSUL failed to receive fair consideration for the transfer and/or constructive transfer of the Apt. 6B Funds, the Apt. 6B Shares, and/or the Apt. 6B Lease from BCSUL to Felippe and/or Octavio.

153.     BCSUL transferred and/or constructively transferred the Apt. 6B Funds, the Apt. 6B Shares, and/or the Apt. 6B Lease to Felippe and/or Octavio with actual intent to hinder, delay, or defraud BCSUL's creditors.

154.     Felippe and/or Octavio transferred the Apt. 6B Funds, the Apt. 6B Shares, and/or the Apt. 6B Lease to CPS.

WHEREFORE, the Foreign Trustee prays that this Court: (a) set aside the transfer(s) of the Apt. 6B Funds, the Apt. 6B Shares, and/or the Apt. 6B Lease; (b) disregard the transfer(s) of the Apt. 6B Funds, the Apt. 6B Shares, and/or the Apt. 6B Lease; (c) attach or levy execution upon the Apt. 6B Shares, and/or the Apt. 6B Lease; (d) restrain CPS from disposing of the Apt. 6B Shares, and/or the Apt. 6B Lease; and/or, (e) appoint a receiver to take charge of the Apt. 6B Shares, and/or the Apt. 6B Lease.   The Foreign Trustee requests any other relief this Court deems appropriate. The Foreign Trustee also requests an award of all costs and reasonable

ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.

attorneys' fees associated with the prosecution of this claim. The Foreign Trustee requests any other relief this Court deems appropriate.

### COUNT XIV VIOLATION OF CODE BRAZILIAN LAW N. 8.078/1990 OF THE BRAZILIAN CONSUMER PROTECTION AGAINST CPS – APT. 6B FUNDS, APT. 6B SHARES AND APT. 6B LEASE

155.    This is a claim for violation of Brazilian Law N. 8.078/1990.

156.    The Foreign Trustee incorporates paragraphs 1–4, 6–18, 28–36, and 41–50, as if fully restated herein.

157.    Article 14 of the Consumer Code provides that a service provider is liable, regardless of intention, reckless or negligent act or omission for harm caused to a consumer by defects relating to the rendition of services as well as for providing insufficient or inadequate information about its use and risks.

158.    Article 28 of the Consumer Code provides that the corporate veil can be lifted - among other situations - whenever there is an abuse of the corporate form, bankruptcy insolvency, discontinuance or suspension of operations of the legal entity caused by bad management.

159.    Under Article 6, VI, of the Brazilian Consumer Code, it is a basic consumer right to be compensated for the full amount of the damages suffered.

160.    The Brazilian Legal System provides that the damages that may be recovered consist of attorneys' fees, legal costs, interest and monetary restatement.

161.    Some of BCSUL´s depositors and creditors are consumers pursuant to Brazil´s Consumer Protection Code (Law n. 8.078 of November 11, 1990, the "Consumer Code").

162.    BCSUL provided financial services to some of its depositors and creditors pursuant to Brazilian Consumer Code.

22

163.     BCSUL, by and through Felippe and/or Octavio, transferred and/or constructively transferred the Apt. 6B Funds to Felippe and/or Octavio who then transferred the Apt. 6B Funds to CPS to purchase the Apt. 6B Shares and Apt. 6B Lease, or, in the alternative, BCSUL, by and through Felippe and/or Octavio transferred the Apt. 6B Funds to CPS to purchase the Apt. 6B Shares and Apt. 6B Lease.

164.     CPS used the Apt. 6B Funds to purchase the Apt. 6B Shares and Apt. 6B Lease.

165.     CPS continues to own the Apt. 6B Shares and Apt. 6B Lease.

166.     The diversion of BCSUL's funds to purchase Apt. 6B Shares and Apt. 6B Lease caused harm to the creditors of BCSUL.  These creditors continue to be harmed by CPS' continued ownership of the Apt. 6B Shares and Apt. 6B Lease.

WHEREFORE, the Foreign Trustee prays that this Court: (a) set aside the transfer(s) of the Apt. 6B Funds, the Apt. 6B Shares, and/or the Apt. 6B Lease; (b) disregard the transfer(s) of the Apt. 6B Funds, the Apt. 6B Shares, and/or the Apt. 6B Lease; (c) attach or levy execution upon the Apt. 6B Shares, and/or the Apt. 6B Lease; (d) restrain CPS from disposing of the Apt. 6B Shares, and/or the Apt. 6B Lease; and/or, (e) appoint a receiver to take charge of the Apt. 6B Shares, and/or the Apt. 6B Lease.  The Foreign Trustee also prays that this Court award in damages in favor of BCSUL for all costs, fees and interest incurred by BCSUL and its creditors arising out of the improper use of BCSUL's funds to purchase the Apt. 6B Shares and Apt. 6B Lease, including, but not limited to the Foreign Trustee's legal fees and costs incurred in this action.  The Foreign Trustee requests any other relief this Court deems appropriate.

**COUNT XV VIOLATION OF ARTICLE 186 OF BRAZILIAN CIVIL CODE AGAINST CPS – APT. 6B FUNDS, APT. 6B SHARES AND APT. 6B LEASE**

167.     This is a claim for violation of Brazil's Civil Code.

ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.

168.    The Foreign Trustee incorporates paragraphs 1–4, 6–18, 28–36, and 41–50, as if fully restated herein.

169.    Under Article 186 of the Brazilian Civil Code, it is an illegal act to violate the rights of another and to cause harm to another by an intentional, reckless on negligent act or omission.

170.    Article 927 of the Brazilian Civil Code provides that one who caused harm to other through an intentional, reckless on negligent act or omission, is required to compensate the injured party.

171.    The Brazilian Legal System provides that the damages that may be recovered consist of attorneys' fees, legal costs, interest and monetary restatement.

172.    CPS violated the rights of and caused harm to BCSUL and its creditors by intentionally, recklessly or negligently, causing the Apt. 6B Funds to be transferred from BCSUL to Felippe and/or Octavio who then used the Apt. 6B Funds to purchase the Apt. 6B Shares and Apt. 6B Lease in the name of CPS, and continuing to own the Apt. 6B Shares and the Apt. 6B Lease, or in the alternative, CPS violated the rights of and caused harm to BCSUL and its creditors by intentionally, recklessly or negligently, causing the Apt. 6B Funds to be transferred from BCSUL to CPS who then used the Apt. 6B Funds to purchase the Apt. 6B Shares and the Apt. 6B Lease, and continuing to own the Apt. 6B Shares and the Apt. 6B Lease

WHEREFORE, the Foreign Trustee prays that this Court: (a) set aside the transfer(s) of the Apt. 6B Funds, the Apt. 6B Shares, and/or the Apt. 6B Lease; (b) disregard the transfer(s) of the Apt. 6B Funds, the Apt. 6B Shares, and/or the Apt. 6B Lease; (c) attach or levy execution upon the Apt. 6B Shares, and/or the Apt. 6B Lease; (d) restrain CPS from disposing of the Apt. 6B Shares, and/or the Apt. 6B Lease; and/or, (e) appoint a receiver to take charge of the Apt. 6B

ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.

Shares, and/or the Apt. 6B Lease.  The Foreign Trustee also prays that this Court award in damages in favor of BCSUL for all costs, fees and interest incurred by BCSUL and its creditors arising out of the improper use of BCSUL's funds to purchase the Apt. 6B Shares and Apt. 6B Lease, including, but not limited to the Foreign Trustee's legal fees and costs incurred in this action.  The Foreign Trustee requests any other relief this Court deems appropriate.

### COUNT XVI - VIOLATION OF ARTICLE 884 OF THE BRAZILIAN CIVIL CODE AGAINST CPS – APT. 6B FUNDS, APT. 6B SHARES AND APT. 6B LEASE

173.    This is a claim for violation of Article 884 and its Sole Paragraph of the Brazilian Civil Code.

174.    The Foreign Trustee incorporates paragraphs 1–4, 6–18, 28–36, and 41–50, as if fully restated herein.

175.    Under Article 884 and its Sole Paragraph of the Brazilian Civil Code, those who, without cause, were unjustly enriched to the detriment of another must compensate the aggrieved party for all damages sustained by the aggrieved party in addition to all costs, fees and interest.

176.    CPS was unjustly enriched to the detriment of BCSUL and the creditors of BCSUL by virtue of Felippe's and/or Octavio's diversion of the Apt. 6B Funds from BCSUL which were used to purchase the Apt. 6B Shares and Apt. 6B Lease in the name of CPS.

177.    CPS is required to convey the Apt. 6B Shares and Apt. 6B Lease to BCSUL and compensate BCSUL for all costs, fees and interest incurred by BCSUL and its creditors arising out of the improper use of BCSUL's funds to purchase the Apt. 6B Shares and Apt. 6B Lease.

WHEREFORE, the Foreign Trustee prays that this Court: (a) set aside the transfer(s) of the Apt. 6B Funds, the Apt. 6B Shares, and/or the Apt. 6B Lease; (b) disregard the transfer(s) of the Apt. 6B Funds, the Apt. 6B Shares, and/or the Apt. 6B Lease; (c) attach or levy execution upon the Apt. 6B Funds, the Apt. 6B Shares, and/or the Apt. 6B Lease; (d) restrain CPS from

25

disposing of the Apt. 6B Funds, the Apt. 6B Shares, and/or the Apt. 6B Lease; and/or, (e) appoint a receiver to take charge of the Apt. 6B Shares, and/or the Apt. 6B Lease. The Foreign Trustee also prays that this Court award in damages in favor of BCSUL for all costs, fees and interest incurred by BCSUL and its creditors arising out of the improper use of BCSUL's funds to purchase the Apt. 6B Shares and Apt. 6B Lease, including, but not limited to the Foreign Trustee's legal fees and costs incurred in this action. The Foreign Trustee requests any other relief this Court deems appropriate.

## COUNT XVII CONSTRUCTIVE TRUST AND/OR EQUITABLE LIEN – ARTWORK

178.    This is a claim for Constructive Trust, or in the alternative, for an equitable lien.

179.    The Foreign Trustee incorporates paragraphs 1–50, as if fully restated herein.

180.    Felippe was, at all relevant times, an officer and/or director of BCSUL.

181.    Octavio was, at all relevant times, an officer and/or director of BCSUL.

182.    Felippe shared a confidential relationship with BCSUL because, as an officer and/or director of BCSUL, Felippe owed fiduciary duties to BCSUL.

183.    Octavio shared a confidential relationship with BCSUL because, as an officer and/or director of BCSUL, Octavio owed fiduciary duties to BCSUL.

184.    The Artwork Funds belonged to BCSUL.

185.    Felippe and/or Octavio obtained access to some portion of the Artwork Funds and transferred them to himself to purchase the Artwork, and/or transferred some portion of the Artwork Funds to Alinia, CPS, Felippe, and/or Octavio to purchase the Artwork.

186.    Felippe and/or Octavio breached his/their relationship with BCSUL by obtaining access to the Artwork Funds and then transferring the Artwork Funds to purchase the Artwork and obtain the Artwork.

ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.

187.    Ultimately, the Artwork was transferred to CPS and/or Alinia.

188.    CPS and/or Alinia was/were unjustly enriched by virtue of the transfer of the Artwork to CPS and/or Alinia and continue to be unjustly enriched since CPS and/or Alinia retains beneficial use of the Artwork.

189.    Since the Artwork Funds did not rightfully belong to any of Felippe, Octavio, CPS or Alinia and the Artwork Funds were used to purchase the Artwork, and the Artwork was transferred to CPS and/or Alinia, CPS and/or Alinia held the Artwork for the benefit of BCSUL and there was an implied promise that the Artwork would be returned to BCSUL.

190.    CPS and/or Alinia failed to return the Artwork to BCSUL.

191.    BCSUL has been harmed as a direct result of these actions.

192.    BCSUL has no adequate remedy at law.

193.    A constructive trust on the Artwork is necessary so that CPS and/or Alinia will not dispose of the Artwork, which is due and owing to BCSUL.

194.    Alternatively, in view of the diversion of the Artwork Funds from BCSUL, general considerations of right and justice demand that an equitable lien be placed on the Artwork.

WHEREFORE the Foreign Trustee requests that this Court impose a constructive trust on the Artwork in favor of the Foreign Trustee on behalf of BCSUL, or in the alternative, an equitable lien on the Artwork in favor of the Foreign Trustee on behalf of BCSUL.  The Foreign Trustee requests any other relief this Court deems appropriate.

## COUNT XVIII FRAUDULENT CONVEYANCE AGAINST
## ALINIA AND/OR CPS PURSUANT TO NY DCL §273 – ARTWORK

195.    This is a claim for Fraudulent Conveyance.

196.    The Foreign Trustee incorporates paragraphs 1–50, as if fully restated herein.

197.    BCSUL, by and through Felippe, Octavio, Alinia and/or CPS transferred and/or constructively transferred the Artwork Funds and/or the Artwork to Felippe, Octavio, Alinia and/or CPS.

198.    BCSUL failed to receive fair consideration for the transfer and/or constructive transfer of the Artwork Funds and/or the Artwork from BCSUL to Felippe, Octavio, Alinia and/or CPS.

199.    BCSUL was insolvent at the time BCSUL transferred and/or constructively transferred the Artwork Funds and/or the Artwork to Felippe, Octavio, Alinia and/or CPS and/or the transfer of the Artwork Funds and/or the Artwork by BCSUL to Felippe, Octavio, Alinia and/or CPS rendered BCSUL insolvent.

200.    Felippe, Octavio, Alinia and/or CPS subsequently transferred the Artwork Artwork to Alinia and/or CPS.

WHEREFORE, the Foreign Trustee prays that this Court: (a) set aside the transfer(s) of the Artwork Funds and/or Artwork; (b) disregard the transfer(s) of the Artwork Funds and/or Artwork; (c) attach or levy execution upon the Artwork; (d) restrain Alinia and/or CPS from disposing of the Artwork; and/or, (e) appoint a receiver to take charge of the Artwork.  The Foreign Trustee requests any other relief this Court deems appropriate.

### COUNT XIX FRAUDULENT CONVEYANCE AGAINST ALINIA AND/OR CPS PURSUANT TO NY DCL §274 – ARTWORK

201.    This is a claim for Fraudulent Conveyance by an insolvent entity.

202.    The Foreign Trustee incorporates paragraphs 1–50, as if fully restated herein.

203.    BCSUL, by and through Felippe, Octavio, Alinia and/or CPS transferred and/or constructively transferred the Artwork Funds and/or the Artwork to Felippe, Octavio, Alinia and/or CPS.

ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.

204.    BCSUL failed to receive fair consideration for the transfer and/or constructive transfer of the Artwork Funds and/or the Artwork from BCSUL to Felippe, Octavio, Alinia and/or CPS.

205.    At the time BCSUL transferred and/or constructively transferred the Artwork Funds and/or the Artwork to Felippe, Octavio, Alinia and/or CPS, BCSUL was engaged in or was about to engage in business or a transaction for which the property remaining in BCSUL's hands after such transfer was an unreasonably small amount of capital.

206.    Felippe, Octavio, Alinia and/or CPS subsequently transferred the Artwork Funds and/or Artwork to Alinia and/or CPS.

WHEREFORE, the Foreign Trustee prays that this Court: (a) set aside the transfer(s) of the Artwork Funds and/or Artwork; (b) disregard the transfer(s) of the Artwork Funds and/or Artwork; (c) attach or levy execution upon the Artwork; (d) restrain Alinia and/or CPS from disposing of the Artwork; and/or, (e) appoint a receiver to take charge of the Artwork.  The Foreign Trustee requests any other relief this Court deems appropriate.

## COUNT XX FRAUDULENT CONVEYANCE AGAINST ALINIA AND/OR CPS TO NY DCL §275 – ARTWORK

207.    This is a claim for Fraudulent Conveyance

208.    The Foreign Trustee incorporates paragraphs 1–50, as if fully restated herein.

209.    BCSUL, by and through Felippe, Octavio, Alinia and/or CPS transferred and/or constructively transferred the Artwork Funds and/or the Artwork to Felippe, Octavio, Alinia and/or CPS.

210.    BCSUL failed to receive fair consideration for the transfer and/or constructive transfer of the Artwork Funds and/or the Artwork from BCSUL to Felippe, Octavio, Alinia and/or CPS.

211.    BCSUL transferred and/or constructively transferred the Artwork Funds and/or the Artwork to Felippe, Octavio, Alinia and/or CPS at a time when BCSUL intended or believed that BCSUL would incur debts beyond its ability to pay as such debts matured.

212.    Felippe, Octavio, Alinia and/or CPS subsequently transferred the Artwork Artwork to Alinia and/or CPS.

WHEREFORE, the Foreign Trustee prays that this Court: (a) set aside the transfer(s) of the Artwork Funds and/or Artwork; (b) disregard the transfer(s) of the Artwork Funds and/or Artwork; (c) attach or levy execution upon the Artwork; (d) restrain Alinia and/or CPS from disposing of the Artwork; and/or, (e) appoint a receiver to take charge of the Artwork.  The Foreign Trustee requests any other relief this Court deems appropriate.

## COUNT XXI FRAUDULENT CONVEYANCE AGAINST ALINIA AND/OR CPS TO NY DCL §276 – ARTWORK

213.    This is a claim for Fraudulent Conveyance.

214.    The Foreign Trustee incorporates paragraphs 1–50, as if fully restated herein.

215.    BCSUL, by and through Felippe, Octavio, Alinia and/or CPS, transferred and/or constructively transferred the Artwork Funds and/or the Artwork to Felippe, Octavio, Alinia and/or CPS.

216.    BCSUL failed to receive fair consideration for the transfer and/or constructive transfer of the Artwork Funds and/or the Artwork from BCSUL to Felippe, Octavio, Alinia and/or CPS.

217.    BCSUL transferred and/or constructively transferred the Artwork Funds and/or the Artwork to Felippe, Octavio, Alinia and/or CPS at a time when BCSUL intended or believed that BCSUL would incur debts beyond its ability to pay as such debts matured.

ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.

218.    Felippe, Octavio, Alinia and/or CPS subsequently transferred the Artwork Artwork to Alinia and/or CPS.

WHEREFORE, the Foreign Trustee prays that this Court: (a) set aside the transfer(s) of the Artwork Funds and/or Artwork; (b) disregard the transfer(s) of the Artwork Funds and/or Artwork; (c) attach or levy execution upon the Artwork; (d) restrain Alinia and/or CPS from disposing of the Artwork; and/or, (e) appoint a receiver to take charge of the Artwork.  The Foreign Trustee also requests an award of all costs and reasonable attorneys' fees associated with the prosecution of this claim. The Foreign Trustee requests any other relief this Court deems appropriate.

### COUNT XXII VIOLATION OF CODE BRAZILIAN LAW N. 8.078/1990 OF THE BRAZILIAN CONSUMER PROTECTION AGAINST ALINIA AND/OR CPS – ARTWORK

219.    This is a claim for violation of Brazilian Law N. 8.078/1990.

220.    The Foreign Trustee incorporates paragraphs 1–50, as if fully restated herein.

221.    Article 14 of the Consumer Code provides that a service provider is liable, regardless of intention, reckless or negligent act or omission for harm caused to a consumer by defects relating to the rendition of services as well as for providing insufficient or inadequate information about its use and risks.

222.    Article 28 of the Consumer Code provides that the corporate veil can be lifted - among other situations - whenever there is an abuse of the corporate form, bankruptcy insolvency, discontinuance or suspension of operations of the legal entity caused by bad management.

223.    Under Article 6, VI, of the Brazilian Consumer Code, it is a basic consumer right to be compensated for the full amount of the damages suffered.

31

224.    The Brazilian Legal System provides that the damages that may be recovered consist of attorneys' fees, legal costs, interest and monetary restatement.

225.    Some of BCSUL´s depositors and creditors are consumers pursuant to Brazil´s Consumer Protection Code (Law n. 8.078 of November 11, 1990, the "Consumer Code").

226.    BCSUL provided financial services to some of its depositors and creditors pursuant to Brazilian Consumer Code.

227.    BCSUL, by and through Felippe, Octavio, Alinia and/or CPS, transferred and/or constructively transferred the Artwork Funds and/or the Artwork to Felippe, Octavio, Alinia and/or CPS.

228.    The Artwork Funds were used to purchase the Artwork by Alinia and/or CPS.

229.    Alinia and/or CPS continues to own the Artwork.

230.    The diversion of BCSUL's funds to purchase the Artwork caused harm to the creditors of BCSUL.  These creditors continue to be harmed by Alinia's and/or CPS' continued ownership of the Artwork.

WHEREFORE, the Foreign Trustee prays that this Court: (a) set aside the transfer(s) of the Artwork Funds and/or Artwork; (b) disregard the transfer(s) of the Artwork Funds and/or Artwork; (c) attach or levy execution upon the Artwork; (d) restrain Alinia and/or CPS from disposing of the Artwork; and/or, (e) appoint a receiver to take charge of the Artwork.  The Foreign Trustee requests any other relief this Court deems appropriate. The Foreign Trustee also prays that this Court award in damages in favor of BCSUL for all costs, fees and interest incurred by BCSUL and its creditors arising out of the improper use of BCSUL's funds to purchase the Artwork, including, but not limited to the Foreign Trustee's legal fees and costs

ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.

incurred in this action.    The Foreign Trustee requests any other relief this Court deems appropriate.

### COUNT XXIII VIOLATION OF ARTICLE 186 OF BRAZILIAN CIVIL CODE AGAINST ALINIA AND/OR CPS – ARTWORK

231.    This is a claim for violation of Brazil's Civil Code.

232.    The Foreign Trustee incorporates paragraphs 1–50, as if fully restated herein.

233.    Under Article 186 of the Brazilian Civil Code, it is an illegal act to violate the rights of another and to cause harm to another by an intentional, reckless on negligent act or omission.

234.    Article 927 of the Brazilian Civil Code provides that one who caused harm to other through an intentional, reckless on negligent act or omission, is required to compensate the injured party.

235.    The Brazilian Legal System provides that the damages that may be recovered consist of attorneys' fees, legal costs, interest and monetary restatement.

236.    Alinia and/or CPS violated the rights of and caused harm to BCSUL and its creditors by intentionally, recklessly or negligently, causing the Artwork Funds to be transferred from BCSUL to Felippe, Octavio, Alinia and/or CPS who then used the Artwork Funds to purchase the Artwork in the name of Alinia and/or CPS, and continuing to own the Artwork.

WHEREFORE, the Foreign Trustee prays that this Court: (a) set aside the transfer(s) of the Artwork Funds and/or Artwork; (b) disregard the transfer(s) of the Artwork Funds and/or Artwork; (c) attach or levy execution upon the Artwork; (d) restrain Alinia and/or CPS from disposing of the Artwork; and/or, (e) appoint a receiver to take charge of the Artwork.  The Foreign Trustee requests any other relief this Court deems appropriate. The Foreign Trustee also prays that this Court award in damages in favor of BCSUL for all costs, fees and interest

ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.

incurred by BCSUL and its creditors arising out of the improper use of BCSUL's funds to purchase the Artwork, including, but not limited to the Foreign Trustee's legal fees and costs incurred in this action.    The Foreign Trustee requests any other relief this Court deems appropriate.

## COUNT XXIV - VIOLATION OF ARTICLE 884 OF THE
## BRAZILIAN CIVIL CODE AGAINST ALINIA AND/OR CPS – ARTWORK

237.    This is a claim for violation of Article 884 and its Sole Paragraph of the Brazilian Civil Code.

238.    The Foreign Trustee incorporates paragraphs 1 – 50, as if fully restated herein.

239.    Under Article 884 and its Sole Paragraph of the Brazilian Civil Code, those who, without cause, were unjustly enriched to the detriment of another must compensate the aggrieved party for all damages sustained by the aggrieved party in addition to all costs, fees and interest.

240.    Alinia and/or CPS were unjustly enriched to the detriment of BCSUL and the creditors of BCSUL by virtue of Felippe's, Octavio's, Alinia's and/or CPS' diversion of the Artwork Funds from BCSUL which were used to purchase the Artwork in the name of and/or for the benefit of Alinia and/or CPS.

241.    Alinia and/or CPS is required to convey the Artwork to BCSUL and compensate BCSUL for all costs, fees and interest incurred by BCSUL and its creditors arising out of the improper use of BCSUL's funds to purchase the Artwork.

WHEREFORE, the Foreign Trustee prays that this Court: (a) set aside the transfer(s) of the Artwork; (b) disregard the transfer(s) of the Artwork; (c) attach or levy execution upon the Artwork; (d) restrain Alinia and/or CPS from disposing of the Artwork; and/or, (e) appoint a receiver to take charge of the Artwork.    The Foreign Trustee also prays that this Court award in damages in favor of BCSUL for all costs, fees and interest incurred by BCSUL and its creditors

34

arising out of the improper use of BCSUL's funds to purchase the Artwork, including, but not limited to the Foreign Trustee's legal fees and costs incurred in this action.  The Foreign Trustee requests any other relief this Court deems appropriate.

Dated:  July 8, 2016                                    Respectfully submitted,

                                                                   ASTIGARRAGA DAVIS
                                                                   MULLINS & GROSSMAN P.A.
                                                                   *Attorneys for the Trustee*
                                                                   ASTIGARRAGA DAVIS
                                                                   MULLINS & GROSSMAN, P.A.
                                                                   1001 Brickell Bay Drive, 9th Floor
                                                                   Miami, Florida 33131
                                                                   Telephone: 305-372-8282
                                                                   Facsimile: 305-372-8202


                                                          By:   */s/ Daniel M. Coyle*
                                                                   Edward H. Davis
                                                                   Fla. Bar No. 704539
                                                                   edavis@astidavis.com
                                                                   Arnoldo Lacayo
                                                                   Fla. Bar No.
                                                                   alacayo@astidavis.com
                                                                   Daniel M. Coyle
                                                                   Fla. Bar No. 0055576
                                                                   dcoyle@astidavis.com


F:\WDOX\CLIENTS\10202\1001\00207747.DOCX

35